UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY DESHOTEL, DRY BAYOU ENTERPRISES, LLC, JASON DUTIL, BRET HANCHEY AND JEFF HANCHEY, AND BAMBOO FARM ENTERPRISES, LLC, BLAKE MCMANUS AND MARK THOMPSON, HASC RENTALS, LLC AND HASC BAMBOO, LLC, AND PLANTATION TRACE DEVELOPMENT, LLC | CIVIL ACTION NO: |
| VERSUS | JUDGE: |
| ONLYMOSO USA CORP. AND ABC INSURANCE COMPANY | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**NOW COMES PLAINTIFFS**, HENRY DESHOTEL, DRY BAYOU ENTERPRISES, LLC, JASON DUTIL, BRET HANCHEY AND JEFF HANCHEY AND BAMBOO FARM ENTERPRISES, LLC, BLAKE MCMANUS AND MARK THOMPSON, HASC RENTALS, LLC AND HASC BAMBOO, LLC, AND PLANTATION TRACE DEVELOPMENT, LLC, through undersigned counsel, who do allege, and represent as follows:

**I.   THE PARTIES**

1.1   Plaintiff, HENRY DESHOTEL, a person of the full age of majority and domiciled in the Parish of Avoyelles, Louisiana.

1.2   Plaintiff, DRY BAYOU ENTERPRISES, LLC, a Louisiana limited liability company organized under the laws of the State of Louisiana with its principal place of business in the Parish of Avoyelles, Louisiana.

1.3     Plaintiff, JASON DUTIL, a person of the full age of majority and domiciled in the Parish of Vermilion, Louisiana.

1.4     Plaintiff, BRET HANCHEY, a person of the full age of majority and domiciled in the Parish of Beauregard, Louisiana.

1.5     Plaintiff, JEFF HANCHEY, a person of the full age of majority and domiciled in the Parish of Beauregard, Louisiana.

1.6     Plaintiff, BAMBOO FARM ENTERPRISES, LLC, a Louisiana limited liability company organized under the laws of the State of Louisiana with its principal place of business in the Parish of Beauregard, Louisiana.

1.7     Plaintiff, BLAKE MCMANUS, a person of the full age of majority and domiciled in the Parish of Franklin, Louisiana.

1.8     Plaintiff, MARK THOMPSON, a person of the full age of majority and domiciled in the Parish of Franklin, Louisiana.

1.9     Plaintiff, HASC RENTALS, LLC, a Louisiana limited liability company organized under the laws of the State of Louisiana with its principal place of business in the Parish of Lafourche, Louisiana.

1.10    Plaintiff, HASC BAMBOO, LLC, a Louisiana limited liability company organized under the laws of the State of Louisiana with its principal place of business in the Parish of Lafourche, Louisiana.

1.11    Plaintiff, PLANTATION TRACE DEVELOPMENT, LLC, a Louisiana limited liability company organized under the laws of the State of Louisiana with its principal place of business in the Parish of Lafourche, Louisiana.

Sometimes collectively referred to as ("Plaintiffs")

1.12   Defendant, OnlyMoso USA CORP. ("OnlyMoso") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 4577 N Nob Hill Road, Suite 207, Sunrise, Florida 33351. OnlyMoso may be served through its registered agent for service of process, Santucci Priore, P.L. 200 South Andrews Avenue, Suite 100, Fort Lauderdale, Florida 33301.

1.13   Defendant, ABC INSURANCE COMPANY, an unknown insurance company licensed and insurer for OnlyMoso USA CORP. doing business in the State of Louisiana.

## II.   JURISDICTION AND VENUE

2.1   Pursuant to 28 U.S.C.A. § 1332(a), this court has original jurisdiction of this action, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between parties who are completely diverse.

2.2   Pursuant to 28 U.S.C.A. § 1391(b), venue lies in the Western District of Louisiana in that Defendant conducts business here, sells, markets, distributes bamboo plants here, derived substantial revenue here and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## III.   FACTUAL ALLEGATIONS

3.1   Plaintiffs seek damages from Defendant under legal theories of negligence, breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, redhibition, negligent misrepresentation, fraud, negligent interference with prospective economic opportunities,

3

tortuous interference with business relationships, and for all damages including the purchase price, labor, equipment and supplies, personal time and labor, loss of profits, insurance premiums, mental and emotional distress and pre-judgment and post-judgment interest.

3.2 At all times relevant, Defendant OnlyMoso held itself out as a designer, developer, marketer, manufacturer, distributor, cultivator, producer and seller of agricultural bamboo plants and bamboo cultivation techniques.

3.3 OnlyMoso designed, bred, developed and cultivated a variety of bamboo plants known as Asper and Moso.

3.4 Plaintiff, HENRY DESHOTEL, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Avoyelles Parish, Louisiana.

3.5 Plaintiff, DRY BAYOU ENTERPRISES, LLC, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Avoyelles Parish, Louisiana.

3.6 Plaintiff, JASON DUTIL, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Vermilion Parish, Louisiana.

3.7 Plaintiffs, BRET HANCHEY and JEFF HANCHEY, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Beauregard Parish, Louisiana and conducted farming operations through their Louisiana Limited Liability Company, Bamboo Farm Enterprises, LLC.

3.8     Plaintiffs, BLAKE MCMANUS and MARK THOMPSON, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Franklin Parish, Louisiana.

3.9     Plaintiff, HASC RENTALS, LLC, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Avoyelles Parish, Louisiana and conducted farming operations through their Louisiana Limited Liability Company, HASC Bamboo, LLC.

3.10    Plaintiff, PLANTATION TRACE DEVELOPMENT, LLC, entered into an agreement with OnlyMoso to purchase and purchased bamboo plants from OnlyMoso to be grown in Assumption Parish, Louisiana.

3.11    Plaintiffs all purchased Asper and Moso bamboo plants from Defendant for commercial purposes.

3.12    OnlyMoso represented and warranted to Plaintiffs that Asper and Moso were varieties of bamboo plants that:

(a)     Were suitable to be grown for commercial purposes in the parishes of Louisiana in which each Plaintiff planted the bamboo plants.

(b)     Would produce a high yield of bamboo shoots for consumption and culm ("trunks") for commercial application such as furniture, flooring, construction, textile, cosmetics and numerous other items.

(c)     Were provided with a OnlyMoso quality certification.

(d)     Would mature after 4 to 5 years from planting and continually produce for 80 – 100 years.

3.13   OnlyMoso guaranteed that OnlyMoso bamboo products (trunks and shoots) will always be purchased at the best market price.

3.14   OnlyMoso guaranteed that the bamboo cane and shoots produced by Plaintiff would be purchased by OnlyMoso for no less than $1.00 per pound for shoot and $180.00 per ton for timber or 30% less than brokered wholesale cost whichever is more and/or a price determined as per stock market quotations.

3.15   OnlyMoso agreed to assist Plaintiffs in cultivating and taking care of their plantations by putting specialized consultants at Plaintiffs disposal.

3.16   In reliance on Defendant's representations, each Plaintiff ordered either Asper or Moso plants from Defendant.

3.17   Plaintiffs planted and cultivated the bamboo plants in accordance with OnlyMoso's recommendations and specifications and generally accepted agricultural practices.

3.18   Neither the Asper nor Moso plants performed in accordance with OnlyMoso's representations and warranties or specifications. Specifically, the bamboo plants:

(a)   Died due to improper shipping;

(b)   Died due to improper cultivation recommendations;

(c)   Died during the winter resulting in substantial losses of the stalks rendering the plants not commercially viable;

(d)   That survived winter were damaged beyond commercial usefulness.

3.19 It has been determined that the variety of bamboo plants, Asper and Moso, sold to Plaintiffs are not suitable to be grown in the parishes in Louisiana where Defendant OnlyMoso recommended and Plaintiffs attempted to grow the plants.

3.20 The defects in the bamboo plants existed prior to and at the time of the sale the plants by Defendant to Plaintiffs and were caused by or due to any fault of the Plaintiffs.

3.21 OnlyMoso, as the manufacturer/grower of the bamboo plants, had knowledge of the aforementioned vices and defects in the plants prior to the time of sale. None of these vices and defects were disclosed by OnlyMoso to Plaintiffs. The vices and defects have rendered the bamboo plants useless to Plaintiffs, and Plaintiffs would not have purchased these plants had they known of the vices and defects.

3.22 These vices were not apparent or discoverable by plaintiffs on simple inspection prior to the time of delivery or on planted.

3.23 As the direct and proximate consequence of Defendant's wrongful conduct in connection with the marketing, and sale of OnlyMoso's bamboo, as alleged, Plaintiffs have suffered general and special damages which include, without limitation, the following: the purchase price, labor, fertilizer, fuel, utilities, labor, insurance premiums, loss of profits, and personal time and labor, damages for mental pain and anguish interest and for all other losses shown at the time of trial.

## IV. CAUSES OF ACTION

### COUNT I

### NEGLIGENCE

4.1     Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.2     At all times material hereto, Defendant, OnlyMoso was libel and/or owed the Plaintiffs, who would reasonably plant Asper and/or Moso bamboo, a duty to use reasonable care in the design, manufacture, testing, preparation, cultivation and/or distribution relative to the utilization of said bamboo plants.

4.3     Defendant owed Plaintiffs a duty of care in connection with the design, development, manufacture, production, cultivation, marketing, sale, specification and recommendations of OnlyMoso' bamboo plants.

4.4     OnlyMoso was negligent in that their actions fell below acceptable standards of care in one or more of the following respects:

a.  Manufacturing, producing, promoting, formulating, creating and/or designing its plants without thoroughly testing the plants;

b.  Failing to research and/or make reasonable tests or inspection to discover that the bamboo plants were efficient and effective;

c.  Failing to properly inspect, market and distribute the bamboo plant;

d.  Marketing, advertising and placing the bamboo plants into the stream of commerce knowing that the bamboo plants were of a deficient and defective nature;

e.  Such other negligence as discovery may indicate.

## COUNT II

## BREACH OF CONTRACT

4.5     Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.6     Plaintiffs purchased OnlyMoso bamboo plants from Defendant under the terms of the parties' contract and agreed to pay for the bamboo plants and Defendant agreed to sell and deliver the bamboo plants to Plaintiffs.

4.7     Plaintiffs performed all things that were required to be performed under the contract between Plaintiffs and Defendant except for those things they had been prevented or excused from performing by Defendant.

4.8     Defendant breached the contract by failing to provide correct specifications and recommendations for the cultivation of the bamboo plants and selling Plaintiffs defective plants which were unsuitable to be grown in the Parishes which they were sold to be planted.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANABILITY

4.9     Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.10    OnlyMoso is a merchant of agricultural bamboo plants, including Asper and Moso that it sold to Plaintiffs.

4.11    Plaintiffs purchased the Asper and Moso bamboo plants that were manufactured by and placed into the stream of constant commerce by defendant OnlyMoso.

4.12   The Defendant should have known the purpose for which the Asper and Moso plants were intended to be utilized.

4.13   The Defendant implied and warranted to the public, including the Plaintiffs, that the said Asper and Moso bamboo plants were merchantable, reasonably fit for the specific purpose for which the Defendant normally sold the product and for which the purchasers bought the product.

4.14   The Plaintiffs relied upon the Defendant's warranty, skill and judgment to design, manufacture and furnish a suitable bamboo plant for its intended purpose.

4.15   As a result of negligence, or alternatively intentional conduct, OnlyMoso breached the implied warranty of merchantability in that the Asper and Moso bamboo plants were defective, deficient and not of merchantable quality and not reasonably fit for the specific purpose for which it was sold and intended to be used.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

4.16   Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.17   Plaintiffs purchased the Asper and Moso bamboo manufactured by and placed in the stream of commerce by the Defendant.

4.18   The Defendant knew or should have known the purpose for which the bamboo plants were required and intended to be utilized.

4.19   The Defendant implied and warranted to the public, including the Plaintiffs, that the said Asper and Moso bamboo plants were merchantable, reasonably fit for the uses intended,

reasonably fit for the specific purpose for which the Defendant normally sold the product and for which the purchasers bought the product.

4.20 Plaintiffs relied on OnlyMoso's warranty, skill and judgment to design, manufacture and furnish a suitable bamboo plant and cultivation requirements for its intended purpose.

4.21 As a result of negligence, or alternative intentional conduct, OnlyMoso breached the implied warranty of fitness for particular purpose in that the Asper and Moso bamboo plants were defective, deficient and not of merchantable quality and not reasonably fit for the purpose for which the bamboo plants were sold and intended to be used.

## COUNT V

### BREACH OF EXPRESS WARRANTY

4.22. Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.23 As a result of negligence, or alternatively intentional conduct, the Defendant expressly warranted through written materials, oral representations, and/or advertising and/or documentation accompanying the product that the Asper and Moso bamboo plant plants were appropriate for the use for which it is intended to be used.

4.24 In particular, Defendant represented and warranted to Plaintiffs that Asper and Moso:

    (a)    Were suitable for growing in the parishes wherein Plaintiffs planted the crop;

    (b)    Produced a high yield crop of shoots and timber in 2-3 years for Asper and 3 – 4 years for Moso;

(c) Produced a plant with a long life with the average plantation or farm enjoying a life span of 80 – 100 years

4.25 The Plaintiffs relied upon the express warranties, affirmations, representations of manufacturer, relative to the purchase and utilization of the product known as Asper and Moso.

4.26 The Defendant breached its express warranties in that the product known as Asper and Moso did not conform to the representations of fact may by the OnlyMoso, orally or in writing, based on historical use of said product, in connection with the sale of the product known Asper and Moso on which the Plaintiffs relied in the purchase and use of the product.

## COUNT VI

## REDHIBITION

4.27 Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

4.28 At all times relevant, OnlyMoso was engaged in the business of designing, breeding, developing, cultivation, production, handling, marketing, distributing, and selling bamboo plants including Asper and Moso.

4.29 Although Plaintiffs prepared the soil, planted and cultivated the plants according to Defendant's recommendations and generally accepted agriculture practices the vast majority of the bamboo plants failed to grow to a commercially viable product.

4.30 The defects in the Asper and Moso plants existed prior to and at the time of the sale of the plants by Defendant and were not caused by any fault of the Plaintiffs.

4.31 Defendant, as the manufacturer/grower of the Asper and Moso plants, had knowledge of the aforementioned vices and defects in the plants prior to and at the time of sale. None of these vices and defects were disclosed by Defendant to Plaintiffs prior to the sale.

4.32 These vices and effects have rendered the Asper and Moso plants useless to the Plaintiffs, and Plaintiffs would not have purchased the plants had they known of the vices and defects.

4.33 These vices and defects were not apparent nor discoverable by Plaintiffs on simple inspection prior to and at the time of the sale.

4.34 Because of the aforementioned vices and defects, Plaintiffs are entitled to a rescission of the sale of the Asper and Moso plants together with Plaintiffs being reimbursed by Defendant for damages set forth herein including attorney fees.

4.35 In the alternative, and only in the event that this Honorable Court finds that the aforementioned vices and defects do not entitle Plaintiffs to complete rescission of the sale of the defective Asper and Moso, then Plaintiffs show that the vices and defects entitle Plaintiffs to judgment against the Defendant for a reduction of the purchase price, together with all of the expenses and damages incurred by Plaintiffs set forth herein together with reasonable attorney fees to be paid by Defendant.

## COUNT VII

### NEGLIGENT MISREPRESENTATION

4.36 Plaintiffs reallege and incorporate by reference the allegations in the previous paragraphs of this Complaint as though fully set forth herein.

4.37 OnlyMoso represented to Plaintiffs that the Asper and Moso it was selling to the Plaintiffs were of suitable to be grown in the parishes wherein the Plaintiffs planted the bamboo plants.

4.38 The Defendant represented to Plaintiffs that the Asper and Moso plants would produce a viable commercial crop and did so without any reasonable grounds for believing this statement to be true.

4.39 Defendant made these representations with the intent Plaintiffs rely on them.

4.40 OnlyMoso has a duty to Plaintiffs to supply correct information and not to supply incorrect information to Plaintiffs.

4.41 Plaintiffs were unaware that the Defendant's representations were not true and acted in justifiable reliance on Defendant's representations that the Asper and Moso plants were suitable be grown in the parishes they were sold to be grown.

4.42 As a result of Plaintiffs' reliance on Defendant's representations, Plaintiffs were directly and proximately damaged in an amount proven at the time of trial.

## COUNT VIII

### FRAUD

4.43 Plaintiffs reallege and incorporate by reference the allegations in the previous paragraphs of this Complaint as though fully set forth herein.

4.44 Plaintiff and Defendant entered into contracts for the purchase and sale of quality Asper and Moso plants.

4.45 Defendant OnlyMoso represented to the Plaintiffs that the Asper and Moso plants were good quality and would produce yields of a reasonable quantity, based upon past and representations of future performance.

4.46 Defendant knew or should have known that the representations made above were false when the Defendant made them. The false representations and actions/in actions of Defendant enabled Defendant to receive the benefits of both the cost of the plants purchased and Plaintiffs were not able to make yield as were represented and were therefore unable to receive the expected monetary return from the Asper and Moso plants.

4.47 OnlyMoso knew or should have known, these representations to be false when there were made, or Defendant engaged in conduct with the intent to either intentionally or negligent defraud the Plaintiffs and made the above representations negligently or with reckless disregard for their truth or falsity in that Defendant knew, or should have known, that their actions would take from the Plaintiffs those monetary returns to which Plaintiffs were rightfully entitled.

4.48 OnlyMoso made the representations mentioned above negligently, or alternatively, intentionally with the specific intent and for the purpose of deceiving the Plaintiffs and to induce the Plaintiffs into relying on the representations and purchase the Asper and Moso plants and to grow the plants.

4.49 The Plaintiffs, either negligently or intentionally were induced to enter into the contracts and purchase the Asper and Moso plants in good faith they based upon their reasonable reliance on the representations made above.

4.50 Said reliance was reasonable under the circumstances in that the Plaintiffs trusted OnlyMoso, and relied on Defendant's previous representations, and expected to be treated fairly.

## COUNT IX

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC OPPORTUNITIES

4.51   Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth here.

4.52   The action or actions of the Defendant OnlyMoso described herein resulted in the negligent or willful tortuous interference with the plaintiffs' rights of contracts, including with their banks, finance companies and other financial entities.

4.53   OnlyMoso knew, or in the exercise of reasonable care should have known, that the Plaintiffs would sustain damages through these actions and/or inactions, and therefore, Defendant should be held liable for the damage caused by the interference with Plaintiffs prospective economic opportunities.

## COUNT X

## TORTUOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

4.54   Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

4.55   The actions or inactions of Defendant described herein resulted in the negligent or willful tortuous interference with the Plaintiffs rights of contracts, including with banks, financial companies and other financial institutions.

4.56   Defendant knew, or in the exercise of reasonable care should have known, that the Plaintiffs would sustain damages through these actions and/or inactions, and therefore, Defendant should be held liable for the damages caused by their intentional interference with Plaintiffs' prospective economic opportunities.

## COUNT XI

## ATTORNEYS' FEES

4.57 Plaintiffs reallege and incorporates by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

4.58 Plaintiffs allege that a result of the Defendant's action as set forth in, Plaintiffs were required to retain the service of counsel and agreed to pay counsel reasonable fees through the trial of this matter and any appeal from a judgment entered herein.

4.59 Plaintiffs seek entry of judgment against OnlyMoso awarding Plaintiffs reimbursement of their attorney fees as provided by the contracts entered into by and between Plaintiffs and the Defendant and pursuant to La. C.C. article 1997 for bad faith breach of contract or as otherwise provided by law.

## COUNT XII

## DAMAGES

4.60 Plaintiffs reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as though more fully set forth herein.

4.61 Plaintiffs demand specific and general damages which include without limitation the following. compensatory damages for negligence, or alternatively, intentional economic loss sustained as a result of the Asper and Moso plants in question including but not limited to the following;

 (a) Monies paid to OnlyMoso for the purchase of OnlyMoso's bamboo;

 (b) Costs and expenses incurred in connection with the planting and cultivation of the bamboo;

(c) Costs and expenses incurred in connection with the replacement of bamboo plants;

(d) Costs of fertilizer, fuel, insurance provisions, labor, personal time and labor;

(e) Loss of use of Plaintiffs tangible physical property, consisting of its agricultural fields, during the period the defective bamboo was being grown;

(f) Loss of profits;

(g) Mental and Emotional Distress

(h) Damage to reputation and lost goodwill.

4.62 Plaintiff's demand pre-judgment and pos- judgment interest from the date of loss or alternatively from judicial demand.

## COUNT XIII

### DIRECT ACTION

4.63 At all material times hereinafter alleged, Defendant, ABC Insurance Company provided a policy of insurance providing coverage to the acts and omissions of Defendant, issued to Defendant, OnlyMoso USA CORP. in which said insurance company has undertaken to satisfy and pay any and all claims for damages which Defendant may be legally liable to Plaintiffs which policy insurers to the benefit of Plaintiffs therefore entitling Plaintiffs to maintain this direct right of action against said ABC Insurance Company as the insurer of Defendant and therefore also rendering the Defendant's insurer ABC Insurance Company liable to Plaintiffs in an amount to be shown at the time of trial herein.

## V.  REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Henry Deshotel, Dry Bayou Enterprises, LLC, Jason Dutil, Bret Hanchey and Jeff Hanchey and Bamboo Farm Enterprises, LLC, Blake McManus and Mark Thompson, HASC Rentals, LLC and HASC Bamboo, LLC, and Plantation Trace Development, LLC pray that the Defendants, OnlyMoso USA CORP. and ABC Insurance Company be cited to appear and answer herein and, that plaintiffs be awarded damages in an amount determined by the trier of fact plus reasonable and necessary attorney fees, pre-judgment and post-judgment interest from the date due, or alternatively from judicial demand in the maximum amount allowed by law, cost of court and for such other relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted

/s/ Charles M. Rush
CHARLES M. RUSH (#02088) TA
TYLER RUSH (#38069)
202 Magnate Drive
Lafayette, LA 70508
Telephone: (337) 235-2425
Facsimile: (337) 235-4709
Email: cmrush@charlesmrushesq.com
Email: tyler@charlesmrushesq.com
Attorneys for Plaintiffs,
Henry Deshotel, Dry Bayou Enterprises, LLC, Jason Dutil, Bret Hanchey And Jeff Hanchey, and Bamboo Farm Enterprises, LLC, Blake McManus And Mark Thompson, HASC Rentals, LLC and HASC Bamboo, LLC, and Plantation Trace Development, LLC