**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**HENRY DESHOTEL, ET AL.**       **CASE NO.  6:20-CV-00692**

**VERSUS**       **JUDGE ROBERT R. SUMMERHAYS**

**ONLYMOSO USA CORP., ET AL.**       **MAGISTRATE JUDGE PATRICK HANNA**

**RULING**

Pending before the Court are "Objections to Magistrate Judge's Report and Recommendation" [ECF No. 27] filed by Plaintiffs Henry Deshotel, Dry Bayou Enterprises, LLS, Jason Dutil, Bret Hanchey, Jeff Hanchey, Bamboo Farm Enterprises, LLC, Blake McManus, Mark Thompson, HASC Rentals, LLC, HASC Bamboo, LLC, and Plantation Trace Development, LLC (collectively, "Plaintiffs"). Plaintiffs object to Magistrate Judge Hanna's Report and Recommendation [ECF No. 26] that the Court grant the Motion to Transfer Venue [ECF No. 13] filed by defendant OnlyMoso USA Corp. ("OnlyMoso"). OnlyMoso has responded to the objections [ECF No. 28], to which Plaintiffs have filed a reply. [ECF No. 29] For the reasons given below, the Magistrate Judge's Report and Recommendation is ADOPTED.

**I.**
**BACKGROUND**

Plaintiffs are Louisiana individuals and companies who contracted to buy bamboo from OnlyMoso, a Florida company. [ECF No. 1] Plaintiffs allege that OnlyMoso warranted and recommended that the bamboo was suitable for commercial cultivation in Louisiana, that the bamboo was in fact not suitable to be cultivated in Louisiana, and that OnlyMoso knew of this defect prior to sale. [*Id.*] Plaintiffs filed suit in this matter, seeking damages and attorney fees for claims that include negligence, breach of contract, breach of implied and express warranties,

1

redhibition, negligent misrepresentation, fraud, and tortious interference with business relationships. [*Id.*]

OnlyMoso filed a Motion to Transfer Venue, requesting that the Court enforce forum selection clauses in Plaintiffs' contracts and transfer their case. [ECF No. 13] OnlyMoso asserts that the forum selection clauses require the parties to litigate claims related to the contracts either in New Orleans, Louisiana (as to Plantation Trace Developments, LLC ("Plantation Trace")) or Miami-Dade County, Florida (as to the remaining Plaintiffs). [*Id.*] Plaintiffs oppose transfer on the grounds that the forum selection clause does not apply to their claims. [ECF No. 16] Plaintiffs argue that their claims arise under the terms of their respective sales contracts, which are memorialized in the order form they each executed (the "Order Forms"). [*Id.*] Plaintiffs assert that the forum selection clause is part of a buy back agreement, a separate contract which they each also executed (the "Buy Back Agreements"), and therefore does not apply to their claims under the Order Forms. [*Id.*][1]

Magistrate Judge Hanna held that the Order Form's terms incorporate by reference the Buy Back Agreement, and therefore the forum selection clause applies to all of the Plaintiffs' claims. [ECF No. 26] Reasons supporting that conclusion include that: the Order Forms' terms specifically express a desire to enter a buy back agreement; those terms include blanks that provide the acreage covered by the envisioned buy back agreement and the discount the purchaser receives in return; the Order Forms do not give the purchaser an option not to enter a buy back agreement; the Buy Back Agreements are printed on the reverse side of the Order Form; each Plaintiff separately executed a Buy Back Agreement; and the OnlyMoso sales literature that was provided to Plaintiffs

---

[1] Plaintiffs alternatively argue that if the forum selection clause applies to their claims, then it permits litigation to be brought in the Western District of Louisiana, so transfer should be denied. [ECF No. 16] Plaintiffs further alternatively argue that if the forum selection clause mandates litigation in another district, then it is unjust and unreasonable, so transfer should be denied. [*Id.*]

highlights a guaranteed buy back by OnlyMoso as an incentive for entering a sales contract. [ECF No. 26 at 6-8] In light of these findings, the Magistrate Judge concluded that each Order Form and Buy Back Agreement compose part of one overarching agreement and set of obligations (i.e., to sell and to buy back later), rather than two conceptually distinct contracts. [ECF No. 26 at 8] Consequently, and in light of the incorporation language, the forum selection clause in the Buy Back Agreement applies to both contracts. Magistrate Judge Hanna went on to conclude that the forum selection clause is mandatory, rather than permissive, and that the Plaintiffs' arguments do not overcome the presumption in favor of enforcing a mandatory forum selection clause. [*Id.* at 13-15] Magistrate Judge Hanna accordingly recommended that the Court grant OnlyMoso's motion to transfer and transfer each Plaintiff's claims to the venue required by the respective forum selection clause. [*Id.*]

## II.
### STANDARD OF REVIEW

When reviewing timely objections to portions of a magistrate judge's report and recommendation, the Court must make a *de novo* review of those portions that have been objected to. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Otherwise, the Court must review the report for findings that are either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1).

## III.
### ANALYSIS

Plaintiffs object only that the Magistrate Judge's decision relied on a single, allegedly unsupported statement by OnlyMoso that the Buy Back Agreement is physically located on the reverse side of the Order Form. [ECF No. 27 at 2] Plaintiffs assert that there is no evidence that the Buy Back Agreement and Order form are on the reverse sides of the same document or are

even attached to one another, that such is not the case, and that therefore transfer should be denied.[2] [*Id.* at 2-3] OnlyMoso responds by reasserting that the Order Form and Buy Back Agreement appear on reverse sides of the same document, as evidenced by the fact that the Order Forms refer to a buy back agreement "as described on the back of this contract," and attaches a Declaration by OnlyMoso's Sales Manager in support. [ECF Nos. 28 at 1-2; 28-1] OnlyMoso otherwise reiterates the Magistrate Judge's conclusions and argues that the recommendation should be adopted. [*Id.* at 3-4] In reply, Plaintiffs assert that only some of the Order Forms they filled out refer to the terms of the buy back agreement as being "described on the back of this contract," while the others refer to the terms as being "described in the buy back agreement." [ECF No. 29 at 1-2]

The Court overrules the objection. As the Plaintiffs admit, the Order Forms executed by Dry Bayou Enterprises, LLC, Blake McManus and Mark Thompson, and Jason Dutil each provide that the purchaser wishes to enter a Buy Back Agreement "as described on the back of this contract." [ECF No. 16-3 at 1, 2, 7] This alone suggests that the Buy Back Agreement is drafted so as to be on the reverse side of some Order Forms. The remaining Order Forms refer to the Buy Back Agreement "as described in the buy back agreement." [*Id.* at 3, 4, 5, 6] The Declaration of Roberto Seminara, while not dispositive, is testimonial evidence that the Order Form and Buy Back Agreement are generally found on reverse side of the same page. [ECF No. 28-1 at 1] Accordingly, there is in fact evidence that at least some Buy Back Agreements are printed on the reverse of some Order Forms.

---

[2] Plaintiffs also object that *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 394 (5th Cir. 2012), which the Magistrate Judge cites, and *Action Fin. Corp. v. Nichols*, 180 So.2d 81, 83 (La. 2d Cir. 1965), which *Petrohawk* cites, are inapposite. [ECF No. 27 at 3-4]

Furthermore, even assuming that the Order Forms and Buy Back Agreements are separate sheets of paper, the Court finds that the Order Form incorporates the terms of the Buy Back Agreement, and vice versa. When a contract "expressly refers to and incorporates another instrument in specific terms which show a clear intent to incorporate that instrument into the contract, both instruments are to be construed together." *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 267 (5th Cir. 2011). The totality of the evidence in the record, including those portions of the Report and Recommendation to which Plaintiffs do not object, support this conclusion.

Plaintiffs have provided executed Order Forms and Buy Back Agreements for each party. As the Magistrate Judge noted, each Order Form includes a term whereby the purchaser wishes to enter into a buy back agreement, with blanks provided for the number of acres the agreement will cover and the amount of the discount the purchaser will receive. [ECF No. 16-3 at 1-8] There appears to be no basis to opt out of this term, and every set of blanks is filled out. [*Id.*] Each Buy Back Agreement, except the one executed by Dry Bayou Enterprises, LLC, also includes this term, with the blanks filled out in amounts that match the blanks in the corresponding Order Form. [ECF No. 16-4 at 1-7] Furthermore, every executed Buy Back Agreement specifically refers to terms in the Order Form, such as: "Purchaser agrees to sell back the production of bamboo canes and shoots to OnlyMoso U.S.A. Corp. for 10 years and obtain the loan/discounted price in such order form" and "[t]he amount of funds obtained as loan/discount…as shown on the front page of the order form, will be given back to ONLYMOSO USA Corp…." [*Id.*] Interpretation of the Order Form therefore relies on terms in the Buy Back Agreement, and interpretation of the Buy Back Agreement relies on terms in the Order Form.

In sum, the Court adopts the Magistrate Judge's Report and Recommendation.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Magistrate Judge's Report and Recommendation [ECF No. 26] is ADOPTED. The Motion to Transfer Venue [ECF No. 13] filed by defendant OnlyMoso USA Corp. is GRANTED. The claims of Plantation Trace Developments, LLC in this matter shall be severed and transferred to the Eastern District of Louisiana. The remaining Plaintiffs' claims shall be transferred to the Southern District of Florida.

THUS DONE AND SIGNED in Chambers on this 5th day of March, 2021.

_____

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**